Martin F. Casey
**CASEY & BARNETT, LLP**
25 Prospect Street
Morristown, New Jersey 07960
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
PORTO PAVINO LLC,                              14 Civ.

       Plaintiff,
                                               **COMPLAINT**
  - against –

ZIM INTEGRATED SHIPPING SERVICES, LTD.
and SALSON LOGISTICS, INC.,

       Defendants.
------------------------------------------------------------X

       Plaintiff, PORTO PAVINO LLC, by and through its attorneys, Casey & Barnett LLP, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

       2.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(a)(2) as a substantial part of the events giving rise to the claim occurred within this judicial district.

### PARTIES

       3.    At all material times, PORTO PAVINO LLC (hereinafter "Porto Pavino" or "Plaintiff") was and is a limited liability company with an office and place of business located at 641 Shunpike Road, Chatham, New Jersey 07928 and is the consignee and owner of a consignment of 2,520 Boxes Fresh Kiwis, as described below.

4. At all material times, defendant, ZIM INTEGRATED SHIPPING SERVICES, LTD. (hereinafter "Zim" or "Defendant") was and is a corporation with an office and place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, SALSON LOGISTICS, INC. (hereinafter "Salson" or "Defendant") was and is a corporation with an office and place of business located at 888 Doremus Avenue, Newark, New Jersey 07114 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION

7. On or about December 20, 2013, a consignment, consisting of 2,520 cartons Fresh Kiwis, then being in good order and condition, was laden into refrigerated container ZCSU 5111028 and was delivered to defendant Zim and/or its agents at the port of Genoa, Italy for transportation to Port Newark, New Jersey in consideration of an agreed upon freight and in consideration of Zim maintaining a supply air temperature of 0°C at all times, all pursuant to Zim bill of lading ZIMUGOA09937511 dated December 20, 2013.

8. The cargo of Fresh Kiwis is subject to a USDA protocol which requires that certain temperatures be maintained during the transit. Zim was aware of this USDA protocol and provided equipment to monitor the USDA temperature requirements during the transit.

9. Thereafter, the container was loaded on board the M/V ZIM RIO GRANDE on or about December 20, 2013, Zim bill of lading ZIMUGOA09937511 was issued and the vessel sailed for its intended destination.

10. During the transit from Italy to New York, Zim failed to maintain the required USDA temperatures.

11. Upon discharge of the container at Port Newark on or about January 2, 2014, it was discovered that the temperatures had not been supplied as required by the USDA and as required by the bill of lading. As such, the USDA refused to permit the import of the subject cargo until the cargo passed the USDA protocol.

12. The container was maintained in the custody and control of Zim and defendant Salson from January 2, 2014 to January 17, 2014 in order to complete the USDA cold treatment protocol. Zim and Salson were negligent in maintaining the required temperatures during this quarantine period, which resulted in another failure of the USDA protocol.

13. As a result of the foregoing, plaintiff was required to engage the services of an outside contractor, Eastern Propak LLC, to monitor the container for purposes of completing the USDA cold treatment protocol, all of which required the expenditure of moneys that Porto Pavino would not otherwise have incurred

14. On February 11, 2014 the container passed the USDA cold treatment protocol and the cargo was transported to the intended customer, Costco.

15. Upon delivery of the cargo to the receiver, and as a result of the foregoing, it was discovered that the consignment was not in the same good order and condition as when received by defendants, but instead had suffered physical damage while is said defendants custody and control due to the delay in the completion of the USDA cold treatment protocol.

16. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $13,063.60.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $13,063.60, together with interests, costs and the disbursements of this action; and

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: Morristown, New Jersey
   December 29, 2014
   215-47

            CASEY & BARNETT, LLP
            Attorneys for Plaintiff

         By: *[signature]*
            Martin F. Casey
            25 Prospect Street
            Morristown, New Jersey
            (212) 286-0225